

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHARON BOLTON**                                                                   **PLAINTIFF**

**v.**                                          CIVIL ACTION NO. 3:16cv458DPJ-FKB

**CITY OF HATTIESBURG**                                          **DEFENDANT**

## COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Sharon Bolton, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII and the ADEA. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1. Plaintiff, Sharon Bolton, is an adult African-American female who resides in Lamar County at 602 Ranchwood Drive, Hattiesburg, MS 39402.

2. Defendant, City of Hattiesburg, may be served with process through its Mayor, Johnny DuPree, City Hall, 200 Forrest Street, Hattiesburg, MS 39402

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction and venue is proper in this court.

4. Plaintiff timely filed a Charge of Discrimination with the EEOC on October 15, 2015, a true and correct copy of which is attached as Exhibit "A." Plaintiff received a Notice of Right to Sue from the EEOC on April 29, 2016, a true and correct copy of

which is attached as Exhibit "B."

5. Plaintiff timely files this cause of action within the appropriate statute of limitations for claims arising under Title VII and the ADEA.

## STATEMENT OF FACTS

6. Plaintiff, an African-American female, was hired by Defendant in July 1996.

7. On or about September 30, 2015, Plaintiff learned per Vincent Nelms, Division Manager of Hub City Transit, that a crew supervisor, Reggie Smith, African American male, age 37, would be over the bus driver employees.

8. Later, on October 16, 2015, Plaintiff learned per Vincent Nelms that Reggie Smith would be in charge of the office in the absence of Mr. Nelms.

9. Putting Mr. Smith, an employee much younger than Plaintiff, in charge of the office, in effect put Plaintiff's subordinate over her.

10. Position vacancy policy was not followed by Defendant, as the crew supervisor position was not advertised; thus, preventing Plaintiff from applying for the position that would put the selected employee second in charge to the Division Manager, Mr. Nelms.

11. Around the first part of June 2015, Plaintiff was instructed by Vincent Nelms to cross-train a Caucasian employee, Cheryl Turnage, on Plaintiff's job duties, specifically the monthly reports.

12. On July 10, 2015, Plaintiff was reprimanded by Mr. Nelms for not properly cross-training Ms. Turnage. Specifically, Plaintiff was reprimanded for not allowing Ms.

Turnage to prepare the June monthly report. However, when Plaintiff was given instructions by Mr. Nelms regarding the monthly reports, she was told to have Ms. Turnage prepare the *next* monthly report. As Plaintiff had already begun preparing the June report, she assumed that Mr. Nelms meant for Ms. Turnage to prepare the July report.

13. Although she had no previous reprimands or write-ups in her file for the 19 years she had worked for the City of Hattiesburg Transit Department, Plaintiff was suspended for three days without pay by Mr. Nelms.

14. Plaintiff disagreed with such harsh discipline and refused to sign the disciplinary form. On July 15, she sent a lengthy letter to Mr. Nelms explaining her stance based on the City of Hattiesburg Handbook and requested a notification of her grievance/appeal rights, which she never received from Mr. Nelms.

15. In this letter, Plaintiff also complained that Mr. Nelms intentionally ignored Plaintiff's request for her a grievance/appeal form; eventually, Plaintiff had to go to Mrs. White, the Director of Federal and State Programs, to receive a copy of a grievance form. Plaintiff also complaint that she was not being treating with respect by Mr. Nelms in that no matter how well she performed her job, her performance was not recognized by Mr. Nelms, even though Plaintiff was the person who trained Mr. Nelms in his position as Division Manager when he was first hired.

16. Plaintiff apologized to Mr. Nelms if she misunderstood the timing of who was to do which monthly report, but he refused to accept her apology. She also

requested a person-to-person meeting with him to go over the issues addressed in her letter and requesting that the 3 days be placed back on her time.

17. Although Plaintiff is the Office Manager, she was discriminated against based on her age and race by being denied the opportunity to hold the second highest position in the office and by treating her disparately regarding the training of the Caucasian employee.

18. Plaintiff is aware that Mr. Nelms does not discipline the Caucasian bus drivers when they are late for work; yet, he severely disciplined Plaintiff for a misunderstanding.

19. Mr. Nelms also discriminates against Plaintiff by confronting her in the presence of other employees instead of speaking to her in his office as he does with all other employees.

## CAUSES OF ACTION

## COUNT I - VIOLATION OF TITLE VII – RACE DISCRIMINATION

20. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 19 above as if fully incorporated herein.

21. The Defendant violated Title VII by allowing its employee, Vincent Nelms, to discriminate against Plaintiff based on her race. Plaintiff is African American; thus, she is protected against discrimination on the basis of her race. Plaintiff was more than qualified for the position she held. Plaintiff suffered an adverse employment decision in that she was denied promotional opportunity by Defendant.

22. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### COUNT II: VIOLATIONS OF TITLE VII - SEX DISCRIMINATION

23. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 22 above as if fully incorporated herein.

24. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her sex, female. Plaintiff is a member of a protected class, female.

25. Plaintiff has been harmed as a result of the Defendant's discrimination, and the Defendant is liable to the Plaintiff for the same.

26. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, as amended, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

27. The acts of the Defendant constitute a willful intentional violation of Title VII and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### COUNT III - AGE DISCRIMINATION

28. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 27 above as if fully incorporated herein.

29. Defendant's actions constitute intentional discrimination on the basis of age in violation of the ADEA. Specifically, Plaintiff is over the age of 40 and is more than qualified for her position with Defendant after almost 19 years of dedicated service.

Plaintiff was denied the opportunity to apply for a position that would have put her in the second highest position in the office. Instead, the position was given to a much younger male.

30. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Promotion; or
2. Future wages in lieu of promotion;
3. Compensatory damages;
4. Liquidated damages;
5. Punitive damages;
6. Attorney's fees;
7. Costs and expenses; and
8. Such further relief as is deemed just and proper.

THIS the 15-th day of June 2016.

Respectfully submitted,

SHARON BOLTON, PLAINTIFF

By: /s/ Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000

Facsimile: (601) 968-0010
Email: louis@watsonnorris.com.com
Web:  www.watsonnorris.com